Gregory Pearsall, Respondent,
against
Kyung J. Cha and Jooyung J. Cha, Defendants, and Leonard A. Daleo, Appellant.




Abamont & Associates (Thomas J. Youllar of counsel), for appellant.
Law Office of Eric H. Green (Marc Gertler, Seth Katz and Eric H. Green of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered January 30, 2017. The order, insofar as appealed from, denied defendant Leonard A. Daleo's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of defendant Leonard A. Daleo's motion seeking summary judgment dismissing the complaint on the ground that he was not liable for the accident in question is granted.
In this action for personal injuries arising from an accident wherein the motor vehicle operated by defendant Jooyung J. Cha (Cha) struck plaintiff as he was on a bicycle, defendant Leonard A. Daleo moved for summary judgment dismissing the complaint on the ground that he was not liable for the accident and that, in any event, plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). By order entered January 30, 2017, the Civil Court, among other things, denied Daleo's motion.
Daleo established, prima facie, his entitlement to summary judgment on the issue of liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]), as the deposition testimonies of Daleo and Cha showed that Daleo was stopped at a stop sign prior to and at the time plaintiff was struck by Cha's vehicle, and that plaintiff was struck only by Cha's vehicle. The burden then shifted to plaintiff to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to plaintiff's contention, no triable issue was raised with respect to Daleo's motion by virtue of the discrepancy between Cha's deposition testimony that plaintiff was struck by Cha in the intersection and plaintiff's deposition testimony that plaintiff was struck by Cha on the sidewalk. Similarly, the deposition testimony of plaintiff that he heard a collision before he was struck did not raise a triable issue of fact as to Daleo's liability, especially since both Daleo and Cha testified that neither of them had been in an accident prior to Cha's collision with plaintiff. Thus, the Civil Court erred in denying the branch of Daleo's motion seeking summary judgment on the issue of Daleo's liability.
In light of this determination, the issue of whether plaintiff had sustained a serious injury [*2]need not be addressed.
Accordingly, the order, insofar as appealed from, is reversed and the branch of Daleo's motion seeking summary judgment dismissing the complaint on the ground that he was not liable for the accident is granted.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2019